**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.:**

JOHN ROUSSEAU,

Plaintiff,

vs.

SANDSTONE SITE SERVICES LLC,
a Florida Limited Liability Company,

Defendant.
_______________________________ /

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

COMES NOW the Plaintiff, JOHN ROUSSEAU ("Mr. Rousseau" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, SANDSTONE SITE SERVICES LLC ("Defendant" or "Sandstone") and alleges the following:

1. Plaintiff brings these claims for age discrimination and retaliation against Sandstone for its discrimination and unlawful termination of Plaintiff based upon his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

## VENUE AND JURISDICTION

2. This Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law, and has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as the ADEA claims.

3. Plaintiff is, and at all times material was, a resident of Volusia County, Florida, and worked for Defendant in Seminole County, Florida.

4. Venue is therefore proper in the Orlando Division of the Middle District of Florida.

## CONDITIONS PRECEDENT

5. On or around August 02, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

6. More than 180 days have passed since the filing of the Charge of Discrimination.

7. On or around April 12, 2024, Plaintiff received the EEOC's notice of Conciliation Failure due to the EEOC's reasonable cause finding and the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

8. Plaintiff timely files this action within the applicable period of limitations against Defendant.

9. All conditions precedent to this action have been satisfied and/or waived.

## EMPLOYER DEFINITIONS UNDER THE ADEA

10. Mr. Rousseau worked for Sandstone, most recently as a Heavy Equipment Operator, from March 6, 2021, until his termination on June 16, 2021.

11. Defendant was an "employer" as defined by the ADEA and the FCRA.

12. At all times relevant, Defendant employed in excess of twenty (20) or more employees.

## STATEMENT OF FACTS

13. Plaintiff was born in 1964 and is currently fifty-nine (59) years old.

14. During his time with Sandstone, Mr. Rousseau was an excellent worker, and had excellent attendance and performance record.

15. In mid-April of 2021, Sandstone hired a significantly younger individual, which told Mr. Rousseau, "I am here to replace the old guy," referring to Mr. Rousseau.

16. This man informed Mr. Rousseau that the people in Sandstone's office referred to Mr. Rousseau as "the old guy."

17. Mr. Rousseau objected to his Sandstone Foreman that Sandstone's actions violated, inter alia, the ADEA and the FCRA.

18. Nevertheless, Sandstone thenceforth bounced Mr. Rousseau around from different job to different job.

19. Sandstone's Supervisors and Mr. Rousseau's Sandstone co-workers continued to refer to Mr. Rousseau as "the old guy" throughout the duration of Mr. Rousseau's employment.

20. Mr. Rousseau nevertheless tackled each new duty, job, and assignment with his characteristic aplomb, completing tasks on time or ahead of schedule, arriving early, staying late, working on weekends, and even giving rides to Sandstone co-workers.

21. Nevertheless, on June 16, 2021, Sandstone informed Mr. Rousseau that it had decided to terminate his employment, effective immediately.

22. Mr. Rousseau was immediately replaced by a significantly younger individual.

23. Plaintiff was fired for no reason other than his advanced age, and his objections to discrimination.

24. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for a younger, less-qualified employee.

25. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

26. But for Plaintiff's age, Defendant would not have terminated his employment.

27. The persons who discriminated against Plaintiff most severely based on age were decision-makers in terms of the termination of Plaintiff's employment.

28. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

29. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

30. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

31. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance state or federal laws.

32. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**COUNT I- AGE DISCRIMINATION UNDER THE ADEA**

33. Plaintiff realleges and readopts the allegations contained in paragraphs 1-32 of the Complaint, as if fully set forth in this Count.

34. Plaintiff was over forty (40) years old when he was terminated.

35. Plaintiff was not terminated for cause.

36. Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

37. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

38. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

39. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

40. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

41. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

42. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

43. Prior to terminating Plaintiff, Defendant did not consult with the EEOC,

Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

**REQUEST FOR RELIEF- COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

44. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

45. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

46. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

47. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

48. Provide any additional relief that this Court deems just and proper.

**COUNT II – AGE DISCRIMINATION UNDER THE FCRA**

49. Plaintiff realleges and adopts the allegations contained in paragraphs 1-32, as if fully set forth in this Count.

50. Plaintiff was over forty (40) years old when he was terminated.

51. Plaintiff was not terminated for cause.

52. Plaintiff was discriminated against based on his age.

53. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

54. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

55. Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

57. The discrimination to which Plaintiff was subjected was based on his age.

58. Plaintiff was fired only because of his age, and would not have been fired but for his age.

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the

future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

63. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

64. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

65. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

66. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

67. Provide any additional relief that this Court deems just.

**COUNT III - RETALIATION UNDER THE ADEA BASED ON OBJECTION TO DISCRIMINATION**

68. Plaintiff realleges and adopts the allegations contained in paragraphs 1-32 as if fully set forth in this Count.

69. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing age discrimination under the ADEA, 29 U.S.C. § 626 (b and c), and 29 U.S.C. § 623(a)(1) and (d).

70. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal age discrimination.

71. The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

74. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF- COUNT III

WHEREFORE, Plaintiff prays that this Court will:

75. Issue a declaratory judgment that the discrimination against Plaintiff by

Defendant was a violation of Plaintiff's rights under the ADEA;

76. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

77. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

78. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

79. Provide any additional relief that this Court deems just.

**COUNT IV – VIOLATION OF THE FCRA**
**BASED ON RETALIATION FOR OBJECTIONS TO DISCRIMINATION**

80. Plaintiff realleges and adopts the allegations contained in paragraphs 1-32 as if fully set forth in this Count.

81. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing age discrimination under Florida Civil Rights Act, Chapter 760, Fla. Stat.

82. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal age discrimination.

83. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience,

mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Fla. Stat.

86. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF- COUNT IV**

WHEREFORE, Plaintiff prays that this Court will:

87. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

88. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

89. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

90. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA.

Provide any additional relief that this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 25th day of April, 2024.

Respectfully submitted,

***/s/ Noah E. Storch***

Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*